and Mr. Coulter, whenever you're ready, we'll hear from you. May it please the Court. The case of Donald Eugene Walker presents the issue of whether federal kidnapping is a crime of violence for purposes of 18 U.S.C. 924C and whether the District Court erred in denying the defendant's motion to withdraw his guilty plea. Crime of violence is defined as an offense that's a felony and under the force clause as an element of the use, attempted use, or threatened use of physical force against the person or property of another or under the residual clause that by its nature involves a substantial risk of physical force against the person or property of another used in the course of committing the offense. In determining whether an offense qualifies as a crime of Under the categorical approach, the courts look only to the statutory definitions of the defendant's offense, not the particular facts of the offense in determining whether the offense qualifies as a crime of violence. When a statute defines an offense using a single, indivisible set of elements that allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence. Tell us about the, what is the standard review? Standard review is plain error, Your Honor. To the extent that it was cited differently in my brief, I concede that it's plain error and apologize to the court. Just taking us to a whole different place then, if it's plain error. It is plain error, Your Honor. Okay. How are you going to, even if we found this is error, how are you going to establish plain error? Your Honor, by the same process that was used in United States v. Fuertes, a Fourth Circuit case in 2015, it also illustrates the categorical approach in determining crime of violence. In that case, defendant Ventura was convicted, among other things, of possession and use of a firearm in relation to a crime of violence, i.e. sex trafficking by forced fraud or coercion. The court found that sex trafficking was categorically not a crime of violence. With regard to the plain error review, Ventura's case was reviewed under plain error. The government in that case argued that any error could not have been clear and obvious because neither this court nor the Supreme Court had determined whether sex trafficking qualified as a crime of violence under 924C. The Fourth Circuit ruled under the Force Clause that the camps spoke directly to whether sex trafficking qualified categorically as a crime of violence under the Force Clause. The camps actually dealt with California burglary offense. Well, if we should conclude that under the Force Clause this is not a crime of violence then you have to go to the next question. Yes. And that is the question about whether there, what is your argument that this is plain error? Under Fuertes, the Fourth Circuit ruled that LeoCAL had provided sufficient guidance that sex trafficking was not categorically a crime of violence. You're familiar with Johnson? Yes, Your Honor. The 2015 case in which these other things decided after Johnson? There were other cases involving... The ones that you just talked about, were they decided after Johnson? No, Your Honor. No. But what's the state of the law post-Johnson? The state of the law post-Johnson, I would argue, is that... Well, one thing it is, is it's not clear. Isn't that one thing you would say about it? I would argue under In re Hubbard it is clear. In that case, Your Honor, the Fourth Circuit in that state is... That was sentencing. The interesting issue here is we've never decided this, but the Second Circuit and the Sixth Circuit have. Yes. Well, there are a number of... We want to address whether those courts were wrong. Well, yes, Your Honor. There are a number of courts that, first of all... There are a number of courts that have looked at this. There are, Your Honor. Or at statutes that are virtually identical. Your Honor, most of the courts have looked at 18 U.S.C. Section 16B. However, that's... Which is identical language. Exactly, Your Honor. The Ninth Circuit, Seventh Circuit... Have any circuits looked at 924C? Yes, Your Honor. United States v. Taylor, however, that's a slightly different animal in that the Sixth Circuit in that case first basically ruled that when the offense is won when a jury determines that it's a crime of violence. When that is somebody is convicted of use of a firearm during a crime of violence at a jury trial, they treat that differently. The Fourth Circuit does not. Well, that's what you have here. You have a jury trial and the same thing in Hill in the Second Circuit. Well, Your Honor, the Fourth Circuit does not distinguish between past convictions and the instant offense. United States v. Johnson, which is a Fourth Circuit case from 1991, which noted the substantive intuitive appeal of applying circumstance-specific approach to the instant offense, but the court did that approach. The catechorical in United States v. Martin, also a Fourth Circuit case from 2000, indicating applying the... But, sir, you're not addressing any of the criteria that were discussed in Johnson and that were discussed later by the circuits on this very same statute in Hill and Taylor. And the question is whether the problems that is applies to a consideration of 924C, which has language somewhat different, and the reasoning of the Supreme Court, as those two cases point out, doesn't seem to hit it. Now, that's what I would like to hear you discuss, why those two cases were wrong. Your Honor, in basically the cases that have found 18 U.S.C., 16 v. or vague, and the cases that... Look, for my purposes, it'll help a lot, but there are too many distinctions when you start going to guidelines, you go to 16 v., you go to ACCA. I'd like you to talk about 924C. Well, 924... And it has its own... It has not had confusion up to now. And after Johnson, the question is, does Johnson apply to 924C? Two circuit courts have considered that, and two circuit courts have said no. Now, you need to address why they're wrong. First of all, 18 U.S.C., 16 v., the language is identical to 924C. Let's just stick 924C. Okay. Well, first of all, the Taylor case in the Sixth Circuit also is undercut by the court's decision in Schuette v. Lynch, which indicated the government's reading of Taylor has been undercut by the Supreme Court's intervening decision in Welch. The court made clear this term that the ACC vagueness raced in large part on the operation of the categorical approach. The residual clause did not fail for the reasons lashed on by the government. Rather, it failed because applying the serious potential risk standard under the categorical approach requires courts to assess the hypothetical risk posed by the abstract generic version of the offense. There's several differences. They pointed out, both in Taylor and Hill, that the force clause in the residual clause focuses on the potential for injury. The force clause in the residual clause is the same as the force clause in the commission of a crime. Okay. That's a lot different. The second thing is that Johnson found it confusing when you list the four crimes and the four crimes don't measure the risk. They said burglary, Justice Scalia, or whoever wrote Johnson said, Justice, burglary can be committed at nighttime or the daytime. It can be extortionally committed by threatening to reveal information as opposed to force. There was no measure. He said basically that was the main problem and went on to say those statutes that have substantial risk are not at issue under this reasoning. That's pointed out by Hill. Then there are other differences, too. Hill and the government have identified four differences between the residual clause under ACCA and 924C and 16B. And there are material differences. One is the enumerated offense clause, as the Court has indicated. However, in the Henry Hubbard v. Fourth Circuit case, it indicated that while the Johnson court noted that the list made by the residual clause made the list more vague rather than less so, its reliance on the issue was limited. Also, the absence in Golikov v. Lynch, 10th Circuit case that just came out, the absence of enumerated crimes does not serve to meaningfully distinguish 16B from the ACCA's residual clause because the enumeration of specific time crimes was not one of the two features of the residual clause that conspired in the Supreme Court's view to make it unconstitutionally vague. Well, I think in terms of, I'm trying to understand the direction the argument is going because initially the focus was not to look at ACCA, but I don't see how you can avoid that because you've got to conceive this thing as constitutional. If it's constitutional, it's a crime of balance. And so your argument goes to the question, this is not constitutional under Johnson 2 because it's void of vagueness. And then you look at it in a comparison. The question is, should we, as a circuit, decide to look at it in light of Johnson and compare it? And by comparing it, we're looking at the two different statutes to see how they are different and see if they're material difference such that we can predict that the Supreme Court, I assume, would go one way or the other on it. So at the point we are now, that distinction is critical in determining whether or not Johnson 2 guides us in terms of what we do in this case. Right. As to the textual differences between the ACCA residual clause and 924C, the Sixth Circuit in Schuette v. Lynch indicates that the government seeks refuge in a few textual differences between the INA and ACCA and attempts to narrowly characterize Johnson's holding and precedential effects. While these points are well taken, though, we think they're ultimately distinctions without a difference. That's because the main problem with the residual clause is the ordinary case analysis and the risk assessment, which is present in both the ACCA and in the 924C. In the cases that have decided whether they were vague or not they kind of split on what weight the court gives to Welch. In Welch v. United States, Justice Kennedy clearly set out the problem with the residual clause. The vagueness of the residual clause rests in large part on the operation of the categorical approach. The categorical approach is the framework that the court has applied in deciding whether the offense qualifies as a violent felony under the ACCA. For purposes of the residual clause, the court determines whether a crime involves potential risk of physical injury by considering not the actual conduct, but the idealized ordinary case. The residual clause failed not because it adopted a serious potential risk standard, but because applying that standard under the categorical approach required the courts to assess hypothetical risk posed by a generic abstract version of the offense. That problem, and the court went on to say on that very same subject, not that court, the Johnson court, it says in response to the fact that this, if they considered just the word substantial risk was a problem with other statutes, the court said they were not constitutionally suspect because those statutes did not link a phrase such as substantial risk to a confusing list of examples. Moreover, such laws using substantial risk require gauging the riskiness of conduct with an individual defendant engages in a particular occasion as opposed to the abstraction. We do not doubt the constitutionality of laws that call for the application of qualitative standards such as substantial risk to real world conduct. That's what Justice Kennedy was getting after. This abstraction is the problem. But if you have a 924C, it applies it to real world conduct. They'll have a crime of kidnapping, and they'll have a crime of 924C, and the jury gets to consider the real world conduct. But in the Fourth Circuit, the categorical approach is applied, whether it's the instant offense or a past offense. It's unlike I'm not doubting that, but my point is the problem that you're not addressing the problem that Johnson found with respect to ACCA and whether 924C presents the problems that they found with ACCA. It does. And I respectfully submit that they specifically accepted statutes like 924C from their analysis. I would argue that because 924C applies the categorical approach like the ACCA, the problem is still there. The difference Taylor made in the Sixth Circuit was Taylor allowed did not apply the categorical approach because they applied facts to real world conduct, which is not allowed in the Fourth Circuit because the Fourth Circuit... It's allowed by Johnson. Johnson explicitly says these types of statutes, there are 99 of these things listed or wherever it's in some appendix, all talking about substantial risk. And the court said those are not problems because you're applying that idea to, on a particular occasion, to real world facts. Under the ACCA, you had to consider abstractly these statutes and determine whether they pose a substantial risk of injury. I would argue that Justice Alito argued that the categorical approach should not apply in these cases and the cases should be determined on the real world facts. Justice Scalia in the majority rejected that view. Well, you're right to focus on the Welch case and that should be your answer to this because that's the latest Supreme Court case following the Johnson case that deals specifically with this. It says it didn't fail because it's a serious potential risk, but because of the categorical approach. So I think if your focus is there, then I think it's a good focus. I agree, Your Honor. I believe my time has expired. Thank you. Ms. McFadden. Good morning, Your Honors, and may it please the Court. My name is Joanna McFadden. I represent the United States FLE. This case began with a home invasion involving multiple firearms, multiple victims, victims who were struck with firearms, one particular victim who was forced to gunpoint drive to an ATM to withdraw money while the remainder were held by the accomplice of Mr. Walker. And the question before this Court is whether or not it was plain error for the district court to determine that that kidnapping, the crime to which Mr. Walker was found guilty, was a crime of violence. I think, Judge Niemeyer, you identify this particular... Well, you don't even have to go as far as Judge Niemeyer's gone because you're operating under plain error review, right? That's correct, Your Honor. So the courts are divided on the question, sort of, ipsy-dixy, there's no plain error. Your Honor, that would be our position. And, in fact, the courts that have addressed specifically 924C, the Sixth Circuit and the Second Circuit, have determined that 924C still stands, or at least the residual clause of 924C stands, in the wake of Johnson. They also determined 16B stands. That's correct, Your Honor. And the Couple Circuits didn't agree with that. The Ninth and the Seventh certainly did not agree with that. The Fifth initially did not. And then there was the... Are those clauses pretty much the same? They are, Your Honor. They are identically worded. They have different application, obviously. 16B relates more, at least as it has been interpreted, to the INA, while 924C directly relates to a predicate felony that is considered at the same time. Are we going to get an answer from the Supreme Court, do you think? Pardon, Your Honor? Are we going to get an answer from the Supreme Court on this, do you think? Well, from the government's position, we certainly hope so at some point in time. But we would entreat this Court... But doesn't that look like a split? I mean, even though it wasn't directly a 16B, but it was the same identical type thing, and they used the ACCA as the basis from the Johnson case, and that series of cases from the Couple Circuits in one instance and 3 in the other? Certainly, Your Honor. The interpretation of the language, which is identical between 16B and 924C, has been split between the circuits. That being said, I think that the Hill Court, the Second Circuit, Judge Livingston's opinion would be the position we would take as well, which is that the circuits that found 16B to be unconstitutional in the wake of Johnson would not be correctly interpreting Johnson's application to the language there. Do any of those cases upon which the government relies, are any of them plain error cases? I know that Hill was definitely a plain error case, Your Honor. I would have to review Taylor again to refresh my recollection on that. But the Hill Court found not only that the Hobbs Act robbery was a use of force crime under 924C, but even though it did not have to address the issue of the residual clause, went and did so and provided clarity for the analysis in terms of whether or not the crime, even had it not met use of force, would meet the residual clause. So it's dicta is what it is. That would be correct, Your Honor. We think very persuasive dicta, obviously. Not as persuasive as the Supreme Court's dicta, but persuasive. Okay. That's certainly the case, Your Honor. We would concede that point. We would even, though, further say to this Court that notwithstanding the issues that had been raised by Johnson and circuit courts' attempts to apply Johnson to other statutes, that kidnapping still meets the requirements of the use of force clause. There certainly are two elements at issue here with the federal kidnapping statute. There's a seizure element, which under the language and its interpretation in this circuit can be accomplished without the use of force. Certainly there's the deceit or the trickery aspect that we saw in Wills II, that we saw in Lentz, that we saw in Higgs. But there's also a holding requirement. And it's the government's position that the holding requirement is really where the rubber meets the road, so to speak, where the use of force, the attempted use of force or the threatened use of force is paramount. And we think that based on the interpretation of that statute, that this federal kidnapping could remain a crime of violence without even having to address the residual clause issue. Specifically, the circuits have not been uniform in their interpretation of the statute. But the courts in the 11th Circuit have found that implicit in maintaining custody of the victim in a kidnapping is the seizure against that victim's will. And that necessarily implicates, at the very least, a threatened use of force. And as Hill noted, courts are not asked to, when evaluating crimes under the use of force clause, to apply a legal imagination to try to think of every conceivable hypothetical that may not meet the quantum of force required to meet the statutory requirements. And here, the cases, at least that have appeared before this circuit, bear out that violence has been a part of every, almost every one of these cases, or at least the threatened use of it, even when the victim is taken into custody through the use of deception. In Lentz specifically, the government had posited to this court on appeal that the defendant, in that case, used to lure his ex-wife to his home. But this court did not accept that. The court said that the holding took place after she had already been tricked. And to have the holding requirement, as well as the other requirements, in order of how you bring someone into your custody, suggests that the holding is a separate requirement. It requires something more, perhaps, than just the use of deception and the use of trickery. So, what's the example of the case where you trick the child to get in the car, that you're going to go and take the child to go see a friend or something, and effectively, at that point, in the kidnapping situation, is you move them, but the child thinks, in fact, they're going somewhere, and you never physically do anything. It's a mental-type restraint. How does that comport with physical violence? Well, Your Honor, in order to charge them with the statute. And I'm talking about the Hughes case. Yes, Your Honor. I understand what you're saying. A similar situation, though not exactly identical, was present in the Chatwin case that the Supreme Court addressed in the 1940s. That involved a minor, as well. And the court determined that kidnapping, the requirements had not been met under that statute because the child remained free to exercise her will and free to move about and leave as she wished. In terms of a child being taken. It wasn't a kidnapping because the child was free? No, Your Honor. I misspoke. The Hughes case certainly. I'm just trying to understand what that statement meant you just said there. I thought we were talking about the holding aspect of it and whether that in and of itself reported the physical violence, which it seemed to be able to do it if mental restraint would not be sufficient. And I think it has been held to be so. If it is, then it's difficult to argue that holding itself reports physical violence. Well, Your Honor, we would urge this court to adopt an interpretation of mental restraint that includes that threat of violence. Certainly, it would. You're making a distinction between the seizure and the holding. I am making that distinction, Your Honor. And the Supreme Court case basically said the seizure was by trickery. Yes, Your Honor. But the holding involves at least the threat of force because the person can't leave. And in that case, the child was allowed to leave. That's correct, Your Honor. And by that token, we would urge this court to find that that threatened use of force is implicit in the holding. You have to make a nice distinction in Hughes to say that seizure is one of those continual seizures. He's being seized everywhere you take this child. It's constantly a seizure, not holding. That doesn't sound right to me. But Hughes is causing me some concern in terms of what is necessary to prove this offense. I understand, Your Honor. And I would say that this is a particular issue. Obviously, the circuit courts haven't grappled with yet as it relates to 924C. And so in drawing those distinctions between the seizure and the holding, I think the court is also asked to make a more clarifying interpretation of 1201A. And in this instance, we would ask the court to interpret it to include that threat of force based on the facts of the cases that appeared before this court and the distinction between the seizure, which can be accomplished without the use of physical force, and the holding, which we feel implies necessary threat of physical force if not the use of it. I think the cases bear that out as well in terms of what actually has taken place and how the statute has been interpreted through the holdings that have taken place in these cases. Notwithstanding, though, the 924C's use of force clause, we think, obviously, that kidnapping still qualifies under the residual clause. And, in fact, there's a Supreme Court case from 1999, Rodriguez-Moreno, that clarifies that 1201A is, in fact, a crime of violence under 924C. That was the state of the law, obviously, at the time this case came before the district court. And it was certainly not clear or obvious that it was no longer a crime of violence, even in the wake of Johnson, because of the differences between the residual clause of 924C and the ACCA residual clause, which this court has already discussed somewhat, but are laid out, I think, rather clearly in the Second Circuit's opinion in Hill, which is, obviously, the textual difference, the requirements of physical injury versus the use of force in the 924C does not ask courts to evaluate any extra offense conduct. They're only looking at the conduct of the commission of the crime. This court has done everything it can to avoid this issue. Pardon me, Your Honor? This court has done everything it can to avoid this issue. It assumes it, does all kinds of things, and you've got a clear case in front of you right now to argue to avoid it, because you've got a plain error review. That's correct, Your Honor. We think that it was not, obviously, clear or obvious at the time. It sounds like you want us to go ahead and hit this head-on, don't you? You want us to go ahead and decide this issue. Is that what the government is asking us? Your Honor, the government is asking the conviction be affirmed. I know that, but I'm dealing with how this case is, I understand the method. But you don't really care, do you? An affirmance is an affirmance. Yes, Your Honor, that would be our position at this point in time. We might care whether this court addresses this issue head-on or look at it from a plain error. There may be a different level of agreement on that. And so that's what I'm asking. In terms of your argument, it seems to me that the focus was to simply affirm. It just looks like that's there as a possibility as opposed to encouraging a court that already looks like it just doesn't want to address this issue. I mean, we've got cases all over the place. This issue could have been addressed. It wouldn't do it. I mean, they did everything they could to avoid it. And maybe that's the way things should be done. I mean, you shouldn't take on things that aren't squarely before you, but they took the opportunity not to address it. Well, we're certainly not asking the court to go beyond an affirmance based on the plain error standard in this regard. We simply wanted to. Well, that was my question. Do you want us to just go ahead and address this finally and not duck it any further? Your Honor, I don't think that this particular case calls for that resolution. You don't want to risk affirmance if we have to address it adversely to you. That's your point. And if you can affirm on plain error or whatever or under the force of the kidnapping, looking at the kidnapping alone or under the force clause, then you'll take that too. I would definitely take that, Your Honor. That was very obvious to me. But it still didn't answer my question. Do you want us to answer this question? It's just a question. We'll do what we're going to do anyway. I understand that, Your Honor. We would not ask the court to go beyond what is necessary to affirm the conviction in this regard. All right. To the extent that my superiors disagree with me, they could let me know of that fact and I could advise the court. But as I stand now, I'm simply asking for an affirmance based on it. That will be your issue, not ours. That is also a fair statement, Your Honor. Your Honor, there were multiple issues raised in Mr. Walker's brief. Obviously, the first one we have discussed at length. If the court has any questions related to the 924C issue or the motion to withdraw Mr. Walker's guilty plea, I'm happy to answer any of those questions now. Okay. Fine. Thank you. Thank you, Your Honor. All right. Mr. Coulter. Thank you. May it please the Court. I'd like to return to the issue of plain error review. In Fuertes v. United States, in that case as well, that there was a jury verdict before DeCamps came out, which the court relied on to vacate the conviction. The court in that, in Fuertes, wrote it is of no import that DeCamps was decided after the jury verdict in this case. As the Supreme Court has stated, whether legal question was settled or unsettled at the time of trial, it is enough that the error be plain at the time of appellate consideration. I would argue based on Johnson and more particularly Welch and the reasoning in In re Hudson that it's settled law at this point that 18 U.S.C. 16B and the identical language in 924C is unconstitutionally vague. As to the government's arguments with regard to the force clause, for federal kidnapping to qualify as a crime of violence under the force clause, the offense must categorically have as an element the attempted use or threatened use of physical force. Physical force is defined as violent force, strong force, that is capable of causing physical pain or injury to another person. In Chaplin v. United States, 1946 Supreme Court case, the court wrote that the act of holding a kidnapped person for prescribed purpose necessarily implies unlawful physical or mental restraint. And that while the court found that there was no proof that the defendants willfully intended through force, fear, or deception to confine the girl, they allowed each of those three methods of holding the victim. In United States v. Hughes, 1983 Fourth Circuit case, this court wrote that by introducing the victim by misrepresentations to enter the vehicle and accompany him, the kidnapper interfered with and exercised control over her actions. We find this conduct sufficient to satisfy the involuntariness of seizure and detention requirement of Chapman. So to the extent there is a separate seizure and detention requirement, tricking someone by misrepresentations to enter a vehicle, then transporting them across state lines, satisfies that. Further in United States v. Wills, 2000 Fourth Circuit case, the court wrote by its term, Section 1201 criminalized kidnapping accomplished through physical forcible means and also by non-physical, non-forcible means. So it is possible to kidnap someone through mental restraint or non-forcible means. Moreover, that holding doesn't require physical force, much less violent force or strong physical force that is capable of causing physical pain or injury to another person. Holding can be accomplished by deceit or de minimis force. If the court has any further questions that we haven't addressed. Thank you, Mr. Coulter. We'll come down and greet counsel and proceed on to the next case. Thank you, Your Honor.
judges: Paul V. Niemeyer, Diana Gribbon Motz, James A. Wynn Jr.